IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Sandra Short, David Short, Donald Short, Sarah Sarbacker,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>Billing County, a political subdivision of the State of North Dakota; Lester Iverson, Billings County Commissioner, in his official capacity; Steven Klym, Billings County Commissioner, in his official capacity; and Dean Rodne, Billings County Commissioner, in his official capacity,<br><br>                                    Defendants. | Case No. 1:23-cv-00143 |

## ORDER DENYING MOTION TO LIFT STAY

[¶1]   THIS MATTER comes before the Court on a Motion for Order Lifting Stay filed by the Plaintiffs, Sandra Short, David Short, Donald Short, and Sarah Sarbacker (collectively, the "Shorts") on May 17, 2024. Doc. No. 62. The Defendants filed a Response on May 31, 2024. Doc. No. 65. The Shorts filed a Reply on June 7, 2024. Doc. No. 66. For the reasons set forth below, the Motion for Order Lifting Stay is **DENIED**.

[¶2]   Relevant here, on March 6, 2024, the Court entered a preliminary injunction prohibiting the Defendants from "entering onto the disputed property during the pendency of this case and the State Court proceeding." Doc. No. 53, ¶ 64. In doing so, the Court also stayed this case pending the outcome of the State Court proceeding. Id. at ¶ 64. When the Court stayed this case, it noted the Shorts could move to lift the stay if the State Court did not allow them to proceed with any of

the claims asserted here. Id. The Defendants appealed the Court's granting of the Preliminary Injunction. Doc. No. 57. That appeal remains pending.

[¶3]  The Shorts argue the Court should lift the stay imposed in this case insofar as it relates to their breach of contract and promissory estoppel claim because the State Court has refused to allow them to assert those claims in their State administrative appeal. Doc. No. 62. The County Defendants argue the Shorts are still permitted to raise their claims related to the Settlement Agreements and the State Court simply barred them from asserting their breach of contract and promissory estoppel claims as affirmative claims. The County Defendants also argue the interlocutory appeal of the Preliminary Injunction warrants a continued stay of this matter.

[¶4]  If the State Court would not allow the Shorts to assert their claims in that proceeding, then this Court noted it would lift the stay to permit those claims to proceed. This is effectively what has happened here. Doc. No. 63-2 (Order by North Dakota Southwest Judicial District Judge William Herauff prohibiting the Shorts from affirmatively asserting their breach of contract and promissory estoppel claims in the State Court administrative appeal). Ordinarily, the Court would lift the stay under these circumstances.

[¶5]  However, the interlocutory appeal gives the Court pause over whether it has jurisdiction to permit the breach of contract and promissory estoppel claims to proceed even if the stay was lifted. As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Liddell by Liddell v. Bd. Of Educ. of City of St. Louis, 73 F.3d 819, 822 (8th Cir. 1996) (quotation marks omitted) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). "[T]he pendency of an interlocutory appeal from an order granting or denying a preliminary injunction does not wholly divest the District Court of jurisdiction over the entire case." West Pub. Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1229

(8th Cir. 1986). The Court, however, lacks jurisdiction over those issues that are subject to the interlocutory appeal of a preliminary injunction order. Janousek v. Doyle, 313 F.2d 916, 920 (8th Cir. 1963) ("However, where, as here, the appeal is from an interlocutory order denying a motion for preliminary injunction, the foregoing rule does not obtain, and the filing of the notice of appeal from such an order does not ipso facto divest the district court of jurisdiction to proceed with the cause with respsect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the case pending the appeal.").

[¶6]  The pending interlocutory appeal of the preliminary injunction involves many of the questions presented by the County Defendants related to their authority to breach the Settlement Agreement without consequence. This issue will directly bear on the breach of contract and promissory estoppel claims the Shorts wish to proceed with in this case. Given the prominence of these issues on appeal, the stay of this case pending the outcome of the appeal shall remain in place.

[¶7]  Accordingly, the Short's Motion for an Order Lifting Stay is **DENIED**.

[¶8]  **IT IS SO ORDERED.**

DATED August 8, 2024.

Daniel M. Traynor, District Judge
United States District Court